**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mason Woo, Defendant—Appellant.**

No. 02–10156.

D.C. No. CR–00–00262–HG.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Dec. 6, 2002.*
Decided Dec. 16, 2002.

Before RYMER, THOMAS and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Manson Woo appeals the district court's
denial of his motion to suppress videotapes
seized pursuant to a search warrant. We
have jurisdiction pursuant to 28 U.S.C.
§§ 1291 and 1294(1), and affirm the dis-
trict court's decision.

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

Because the parties are familiar with the
facts, we will not recount them in detail
except as necessary. Whether a search
warrant describes items to be seized with
sufficient specificity is reviewed de novo.
*United States v. Reeves,* 210 F.3d 1041,
1046 (9th Cir.2000), *citing United States v.
Noushfar,* 78 F.3d 1442, 1447 (9th Cir.
1996). We review the district court's deni-
al of a motion to suppress relating to a
search warrant de novo. *United States v.
Jordan,* 291 F.3d 1091, 1099 (9th Cir.2002).

Woo does not dispute that there was
probable cause to issue the warrant. He
argues instead the warrant was impermis-
sibly broad in that it authorized the sei-
zure of all the videotapes on the premises,
not just counterfeit tapes. In determining
whether a warrant is sufficiently specific,
we consider: "(1) whether probable cause
exists to seize all items of a particular type
described in the warrant, (2) whether the
warrant sets out objective standards by
which executing officers can differentiate
items subject to seizure from those which
are not, and (3) whether the government
was able to describe the items more partic-
ularly in light of the information available
to it at the time the warrant was issued."
*United States v. Spilotro,* 800 F.2d 959,
963 (9th Cir.1986).

Whether or not the warrant was too
broad in authorizing seizure of "gems, pre-
cious metals, [and] ... casino tokens," it
was not too general with respect to seizure
of videotapes. This is all that Woo chal-
lenged in the district court and on appeal.
The government had probable cause to
seize all of Diamond Video's videotapes

because all tapes were necessary to prove illegal duplication and because it would have been difficult to determine which videos were counterfeit in the course of seizure. While the warrant did not set forth standards for differentiating counterfeit from legitimate videotapes, this did not render the warrant impermissibly general; the government had probable cause to seize all videos. Finally, the government could not have described the videos with greater particularly in light of the information available to it at the time the warrant was issued.

AFFIRMED

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.